

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, T e x as

Opinion No. O-3262
Re: Construction of Art. 16, H.B.
No. 8, 47th Leg., with ref-
erence to computation of tax
on receipts received by oper-
ator after May 1, 1941, for
services performed prior to
May 1, 1941.

This is in reply to your letter requesting an opinion, as follows:

"Article XVI of House Bill No. 8 of the Forty-seventh Legislature provides for a tax on the gross receipts of oil and gas well servicing. Subsection B of Section 1 provides in part as follows: 'An occupation tax equal to two and two-tenth (2.2) per cent of the gross amount received from said service furnished or duty performed, during the calendar month next pre-ceding.'

"The above mentioned law became effective as of May 1, 1941, and the question arises as to whether or not the receipts the operator re-ceives during the month of May, that are in payment for services furnished and duty per-formed during the month of April, will be taxable."

The statute in question is Article 16, House Bill No. 8, Forty-seventh Legislature, which imposes a tax on certain oil well services. Sections 1 and 2 of that statute provide as follows:

"Section 1. (a) The term 'person' shall for the purpose of this Article mean and include individuals, partnerships, firms, joint stock companies, associations, and corporations.

"(b) Every person in this State engaged in the business of furnishing any service or performing any duty for others for a consideration or compensation, with the use of any device, tools, instruments or equipment, electrical, mechanical, or otherwise, or by means —of any chemical, electrical, or mechanical process when such service is performed in connection with the cementing of the casing seat of any oil or gas well or the shooting or acidizing the formations of such wells or the surveying or testing of the sands or other formations of the earth in any such oil or gas wells, shall report on the 20th of each month and pay to the Comptroller, at his office in Austin, Texas, an occupation tax equal to two and two-tenths (2.2) per cent of the gross amount received from said service furnished or duty performed, during the calendar month next preceding. The said report shall be executed under oath on a form prescribed and furnished by the Comptroller.

"Sec. 2. A complete record of the business transacted, together with any other information the Comptroller may require shall be kept by each person furnishing any service or performing any duty subject to said tax, which said records shall be kept for a period of two (2) years, open to the inspection of the Comptroller of Public Accounts or the Attorney General of this State, or their authorized representatives. The Comptroller shall have the authority to adopt rules and regulations for the enforcement of this Article and the collection of the tax levied herein."

As stated in Attorney General's Opinion No. 0-3627, dated June 27, 1941, "we think this is a tax on service furnished and duty performed." It is an excise tax on operations "performed in connection with" certain oil well services. It is not a tax on the gross receipts, but it is measured by the gross receipts received by the operator, and it is not due until the next month after the gross receipts are received.

As this law did not go into effect until May 1, 1941, it does not apply to operations performed prior to that time, unless the language of the statute shows a clear intent that it apply to acts prior to that date. We find no such language. In the case of ROCKWALL COUNTY v. KAUFMAN COUNTY, 69 Tex. 172, 6 S.W. 431, the court said:

"Mr. Bishop says: 'In the absence of any special indication or reason, and as a common rule, a statute will not be applied retrospectively, even when there is no constitutional impediment. Some of the cases appear to hold that to work an exception to this rule the retrospective intent must appear in the words themselves.' (Bishop on The Written Laws, sec. 84.)"

See also the cases of FREEMAN v. TERRELL, 115 Tex. 530, 284 S.W. 946, and CITY OF FORT WORTH v. MORROW, 284 S.W. 275.

The tax is measured by receipts received for operations performed May 1, 1941, or thereafter. Regardless of when the receipts are received by the person made liable for the tax, a tax is only due if those receipts are for taxable operations, that is, operations performed after the law was in effect. Our answer to your question is that no tax accrues from receipts the operator received during May, 1941, in payment of services furnished and duty performed during April, 1941.

APPROVED JUL 22, 1941

Gerald Allen

FIRST ASSISTANT
ATTORNEY GENERAL

CCR:ob

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Cecil C. Rotsch

Cecil C. Rotsch
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN